

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2005

# USA v. Parker

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Parker" (2005). *2005 Decisions.* Paper 1362.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1362

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1458
_____

UNITED STATES OF AMERICA

v.

ARTHUR C. PARKER,

Appellant.

_____
ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

District Judge: The Honorable Jerome B. Simandle
(Criminal No. 02-220 (JBS))
_____

Submitted Under Third Circuit LAR 34.1(a)
November 3, 2004

BEFORE: ALITO, BARRY and FUENTES, Circuit Judges

(Opinion Filed: April 14, 2005)
_____

OPINION OF THE COURT
_____

FUENTES, <u>Circuit</u> <u>Judge</u>.

Appellant Arthur C. Parker pled guilty to bank robbery. The District Court sentenced him to 71 months imprisonment, three years of supervised release and a special assessment of $100.00. Parker filed a pro se petition pursuant to 28 U.S.C. § 2255 to vacate the sentence. Harold B. Shapiro, Esq. was appointed counsel pursuant to 18 U.S.C. § 3006A and filed a notice of appeal on Parker's behalf. Mr. Shapiro then filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel indicated that there are no non-frivolous issues for appeal. After the Supreme Court severed and excised § 3553(b)(1) of the federal sentencing statute in *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005), rendering the Sentencing Guidelines advisory, this Court issued an order permitting counsel to appeal Parker's sentence and he did so.

We have carefully reviewed the briefs submitted by Mr. Shapiro, the United States, and Parker, as well as other matters of record. We conclude, after our own review of the entire record, that the District Court did not err as to Parker's conviction. We remand for re-sentencing.

I.

Parker, a paranoid schizophrenic, was indicted for one count of bank robbery under 18 U.S.C. § 2113(a). At his initial plea hearing, defense counsel represented that Parker had been hospitalized for paranoid schizophrenia and depression and that on various occasions, including the hearing itself, Parker represents himself as God. In

2

particular, Parker reported that three angels that had accompanied him to earth had instructed him to rob the bank.

Defense counsel then summarized the findings of Clinical and Forensic Psychologist Dr. Gerald Cooke, who performed a number of psychological tests on Parker and reviewed notes from Parker's previous psychiatric treatment. Dr. Cooke found that Parker had a "hint of schizophrenia...now in remission" but was not "currently psychotic," "knew right from wrong," and was "competent to enter a guilty plea." App. 14, 36-37. Parker himself not only insisted that he was competent to plea but specifically testified that he knew robbing the bank was wrong and could result in punishment, and that he understood the roles of the District Judge, his own attorney, and the Assistant United States Attorney.

Nevertheless, in appropriate doubt as to Parker's competency, the District Court adjourned this initial plea hearing in order to obtain a copy of the report from Dr. Cooke. At the second hearing, Judge Simandle found that Dr. Cooke deemed Parker competent despite profound mental problems in the past; Parker was able to communicate with his attorney; and Parker knowingly rejected her recommendation that the proceeding be postponed while investigations into certain bank robberies in Philadelphia were conducted, even though a sentence in that proceeding could increase any sentence he might receive for those other robberies. The court accepted Parker's guilty plea.

II.

Parker could challenge his conviction on the grounds that he was not competent to plead guilty under 18 U.S.C. § 4241(d). It is undisputed that he was mentally ill and was not on medication at the time of his plea. Several factors give this Court additional pause with respect to certain aspects of his competency. Parker made various statements indicating that he was taking the fall for actions done in concert with angels who were directing him and that "in a hundred years it won't matter" because "Judgment Day is close." Those statements might suggest that though Parker understood that the proceeding was intended to adjudicate his guilt and would result in punishment, he did not appreciate the significance of his guilt or prospective punishment as a sane person usually would.

The District Court was apparently sensitive to concerns regarding Parker's competency and took specific actions designed to ensure that Parker was in fact competent to plead. The judge deferred Parker's plea until he was able to review the report of Dr. Cooke. He proceeded only after he was satisfied that not only Parker's own counsel but also Parker's psychologist deemed Parker competent to plead.

The District Court's judgment is not contradicted by any recent evidence that would suggest that, at the time of his plea, Parker was not just mentally ill but so mentally ill as to render him incompetent. The most troubling evidence of mental illness was too dated to reflect Parker's capacities at the time of the plea hearing. In light of the above facts, the District Court's finding of competency was not plain error. *See United States v.*

4

*Knobloch*, 131 F.3d 366, 370 (3d Cir. 1997) (applying plain error standard of review where defendant did not object before District Court).

Accordingly, we conclude, as did Parker's counsel, Mr. Shapiro, that Parker has no non-frivolous argument with which to challenge his conviction. We therefore affirm the judgment of conviction. However, having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we vacate his sentence and remand for resentencing according to *Booker*.